**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------

In re:

**LUNDY'S MANAGEMENT CORP.**,

                                            Debtor.

                                            Chapter 7

                                            Case No. 25-42316 (NHL)

---------------------------------------------------

**OPPOSITION OF SHEEPSHEAD RESTAURANT ASSOCIATES, INC. TO PS TRUST BASYA OBJECTION TO TRUSTEE'S MOTION FOR <u>REJECTION OF CERTAIN UNEXPIRED LEASES</u>**

**TO THE HONORABLE NANCY HERSHEY LORD, UNITED STATES BANKRUPTCY JUDGE:**

Sheepshead Restaurant Associates, Inc. ("Sheepshead" or "Ground Landlord"), by and through its undersigned counsel, respectfully submits this Opposition to the objection filed by PT Trust, Basya Shayna Silver Trustee ("PS Trust") to the Chapter 7 Trustee's Motion for Entry of an Order Authorizing the Rejection of Certain Unexpired Leases (the "Motion to Reject"), and in support thereof states as follows:

**PRELIMINARY STATEMENT**

PS Trust's objection fundamentally misunderstands the Bankruptcy Code, applicable legal standard for lease rejection and the economic realities facing the bankruptcy estate.

Bankruptcy Code section 365(d)(4) provides that 120 days after the Bankruptcy filing ( May 13, 2025), any "unexpired lease of nonresidential real property under

1

which the debtor is a lessee shall be deemed rejected." 11 U.S.C. § 365(d)(4). Accordingly, all of the Leases the Bankruptcy Trustee is seeking to reject would be rejected as a matter of law on September 10, 2025.

Notwithstanding the above , The Chapter 7 Trustee's decision to reject the Ground Lease and related subleases represents a sound exercise of business judgment that should be afforded substantial deference by this Court. The objection fails to rebut the Trustee's determination that continuation of these leases would impose burdens on the estate that far exceed any potential benefits.

**BACKGROUND**

1. On May 13, 2025, Lundy's Management Corp. (the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. Sheepshead is the ground landlord under a Ground Lease dated March 9, 1994, for the real property located at 1901 Emmons Avenue, Brooklyn, New York 11235 (the "Ground Lease").

3. The Debtor, as ground tenant, subleased portions of the premises to several subtenant entities.

4. As detailed in the Trustee's Motion, the Ground Lease has substantial arrears, and the Trustee has determined that assignment of the Ground Lease would not provide any value to the Debtor's estate.

**ARGUMENT**

**I. THE BUSINESS JUDGMENT STANDARD APPLIES AND STRONGLY SUPPORTS THE TRUSTEE'S DECISION**

Section 365(a) of the Bankruptcy Code provides that a trustee, subject to court approval, may reject any executory contract or unexpired lease. The standard for court review is the business judgment rule, under which courts routinely defer to a trustee's reasonable business decision to reject burdensome leases.

As the Second Circuit has recognized, "[t]he purpose behind allowing assumption or rejection of executory contracts is to permit the trustee...to use valuable property of the estate and to renounce title to and abandon burdensome property." In re Orion Pictures Corp. 4 F.3d 1095, 1098 (2d Cir. 1993).

Courts in this District consistently apply a deferential standard to trustee rejection decisions. "Generally, absent a showing of bad faith, or an abuse of business discretion, the [trustee's] business judgment will not be altered." In re G Survivor Corp., 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); see also In re The Great Atl. & Pac. Tea Co., Inc., 544 B.R. 43, 48–49 (Bankr. S.D.N.Y. 2016) ("[T]he Court may largely defer to the debtor's view that rejection or assumption will benefit the estate.").

The business judgment standard is satisfied when "the contract will no longer be beneficial or necessary to the estates, that it has become burdensome to the estates, or that a prompt elimination of the attendant expenses will positively impact the Debtors' ability to improve their financial condition." In re MF Glob. Holdings Ltd. 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012).

## II. THE TRUSTEE'S BUSINESS JUDGMENT IS WELL-SUPPORTED BY THE RECORD

The Trustee has made specific factual determinations that amply support rejection:

A. Landlord has a secured claim of more than $12m dollars of rent and additional rent Arrears Under the Ground Lease. This creates an immediate financial burden on the estate, as assumption would require curing all defaults under Section 365(b)(1) of the Bankruptcy Code.

B. No Value from Assignment

The Trustee has concluded that assignment of the Ground Lease would not provide any value to the estate. This determination is entitled to deference as it represents the Trustee's informed assessment of the lease's marketability and economic value.

C. No Intention to Operate Business or collect sub rents and has determined that's they belong to the Landlord.

The Trustee has determined that operating the Debtor's business under Section 721 would not provide net value to the estate. Without business operations, the leases serve no productive purpose for the estate.

D. Sublease Obligations Create Additional Burdens

E. The Trustee has not made monthly rent and additional rent payments as required adding significant dollars to the Landlord secured claim.

The Trustee has determined that The Debtor's obligations as landlord under the subleases create ongoing administrative burdens and potential liability exposure that serve no beneficial purpose for a liquidating estate.

### III. PS TRUST'S OBJECTION FAILS TO OVERCOME THE BUSINESS JUDGMENT STANDARD

PS Trust's objection rests on conclusory assertions that fail to demonstrate any abuse of business judgment:

**A. Speculation About Below-Market Rent**

PS Trust's claim that the Ground Lease obligates "rent which is significantly below market value" is unsupported speculation that ignores the substantial arrears and Debtors inability to pay rent and additional rent as required under the Lease for years . Even if the base rent were below market, the existence of substantial arrears means assumption would require significant cash expenditure to cure defaults, — cash that The Trustee does not have and would provide no corresponding benefit to the estate.

**B. Escrowed Rent Claims Are Speculative**

PS Trust's assertion about "escrowed rent" being held pending dispute resolution is based on "information and belief" and provides no concrete evidence of actual value available to the estate. Moreover, the existence of disputes suggests additional administrative burdens and uncertain collection prospects.

4

### C. No Analysis of Assumption Requirements

PS Trust fails to address the cure requirements under Section 365(b), the ongoing rent obligations, or the administrative costs of maintaining multiple lease relationships. These factors strongly support rejection.

### IV. REJECTION SERVES THE ESTATE'S BEST INTERESTS

Rejection will:

1. Eliminate Administrative Burdens  The estate will no longer bear the costs and obligations of maintaining lease relationships and resolving tenant disputes.

2. Prevent Accumulation of Additional Arrears  Continued performance would only increase the estate's exposure for unpaid rent and other lease obligations.

3. Avoid Potential Liability  Rejection eliminates potential landlord liability under the subleases and reduces the estate's exposure to claims.

4.Preserve Administrative Resources   The Trustee can focus estate resources on assets with actual recovery potential rather than managing problematic real estate leases.

### V. AUTOMATIC REJECTION UNDER SECTION 365(d)(4) SUPPORTS THE TRUSTEE'S POSITION

As the Trustee notes, Section 365(d)(4) provides that unexpired leases of nonresidential real property "shall be deemed rejected" 120 days after the petition datehere, September 10, 2025. The Trustee's proactive rejection motion simply avoids the administrative complications and potential additional liability that would arise from automatic rejection.

### CONCLUSION

The Trustee's decision to reject the Ground Lease and related subleases represents exactly the type of informed business judgment that bankruptcy courts routinely

uphold. PS Trust's objection presents no evidence of bad faith or abuse of discretion, instead offering only speculation about potential value that ignores the substantial costs and burdens that assumption would impose on the estate.

**WHEREFORE**, Sheepshead respectfully requests that this Court deny PS Trust's objection and grant the Trustee's Motion to Reject the leases as a proper exercise of business judgment.

Dated: 09-09-2025

                Respectfully submitted

                /s/James H. Shenwick
                James H. Shenwick
                SHENWICK & ASSOCIATES.
                Counsel to Sheepshead Restaurant Associates, Inc
                116 Plymouth Drive
                Scarsdale, NY 10583
                917 363 3391
                jshenwick@gmail.com